RECEIVED
IN MONROE, LA.

NOV 26 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
_____ DIVISION

JEROME M. WALKER
VERSUS
JACKSON PARISH DISTRICT
ATTORNEY'S OFFICE (INCLUDING BUT
NOT LIMITED TO: THE ASSISTANT
DISTRICT ATTORNEY GARY NUNN AND
HIS ASSISTANT SHARITA BABER),
OUACHITA PARISH DISTRICT
ATTORNEY'S OFFICE,
WEST MONROE POLICE DEPARTMENT
(INCLUDING BUT NOT LIMITED TO:
OFFICER COLBY G. SPILLERS), AND
SOUTH SECOND BAIL BONDS AND/OR
A-JACK HOWELL BAIL BONDS
(OWNER/AGENT- ANDREW LEONARD
ROBERTS)

**3:12-cv-2978**

JUDGE _____

MAGISTRATE JUDGE _____

## COMPLAINT

1.

The Plaintiff in this matter is Jerome M. Walker, a citizen of Louisiana, and who is addressed at 2916 Cypress Street, Suite #2, Box 112, West Monroe, Louisiana 71291.

Made Defendant(s) in this matter are identified as follows:

2.

The Jackson Parish District Attorney's Office, et al. (referred to as JPDAO), who is addressed at 301 Jimmie Davis Blvd, Jonesboro, LA 71251, Phone: (318) 259-4659, including but not limited to Assistant District Attorney Gary Nunn and his assistant Sharita Baber who can both be served through their business address at the Jackson Parish District Attorney's Office.

3.

The Ouachita Parish District Attorney's Office, et al. (referred to as OPDAO), is addressed at 400 St. John Street, Monroe, LA 71201.

4.

The West Monroe Police Department, et al. (referred to as WMPD), who is addressed at 2301 North 7th Street, West Monroe, LA 71291, including but not limited to Police Officer Colby Spillers, who can be served through his business address at the West Monroe Police Department.

Jerome Walker
3916 Cypress Street, Suite #2, Box 112
West Monroe, La 71291
(318) 348-6369

1

5.

Mr. Andrew Leonard Roberts, et al. (referred to as A.L.R.), South Second Bail Bonds and A-Jack Howell Bail Bonds 1618 Winnsboro Rd., Monroe, LA, 71202.

6.

The Defendant(s) in this matter include but are not limited to those listed and any other yet un-identified person, entity, insurer, organization or other party that may be held in whole or in part responsible/liable that may be revealed for the claims put forth in these proceedings not only in their professional capacity but also possibly in their individual capacity.

7.

This court has jurisdiction over this civil action because the Plaintiff's claims arise under federal law, 42 USC 1983, and some of the defendants are state entities.

8.

The Complaint of this matter originated from a traffic violation received by the Plaintiff in Jackson Parish on **April 15th, 2009**.

9.

Due to the difficulty(s) contacting Assistant District Attorney Gary Nunn through JPDAO the Plaintiff could only somewhat successfully contact him through his personal practice. The Plaintiff went back to Jackson Parish to meet with ADA Nunn to pay the traffic violation October 19, 2009. After paying the fines/fees and supplying him with a receipt proving payment, the ADA Gary Nunn assured the Plaintiff that the violation was fully handled.

10.

By receiving a traffic violation on **April 17th, 2011** for Driving Under Suspension in Ouachita Parish in what seemed to be a routine traffic stop, was when the Plaintiff became aware that the Defendant(s) of JPDAO, et al. had not fulfilled their clerical obligation(s) to properly report that the Plaintiff complied with paying all the fines/fees and court cost(s) that would have resolved this JPDAO, et al. matter and removing the license suspension, thus preventing the OPDAO matter.

11.

Facing a $450.00 DUS citation plus another $100.00 reinstatement fee, the Plaintiff sought and pled to the Defendant (JPDAO, et al.) ADA Gary Nunn to get this matter with regards to the Plaintiff's license resolved so that he may move forward with his life without the harassing pressure of looking over his shoulder concerning this matter. After numerous correspondence and conversations, including certified letters with the ADA and his assistant, ADA Nunn again assured the Plaintiff that everything was resolved.

Jerome Walker
3916 Cypress Street, Suite #2, Box 112
West Monroe, La 71291
(318) 348- 6369

2

12.

After several attempts and inquiries to this Defendant (JPDAO, et al.), the Plaintiff went to Court on June 21st, 2011 in Ouachita Parish in Pro Se and, though court ran until well after 5 PM, obtained an approval for a continuance to August 24th, 2011.

13.

The next morning on **June 22nd, 2011** the Plaintiff contacted the Ouachita Parish District Attorney's Office (OPDAO) to be sure the matter was continued. They advised the Plaintiff that they had nothing for him and since he got a continuance there was no need for him to be in court.

14.

That same day, **June 22nd, 2011,** a bench warrant was issued by the Ouachita Parish District Attorney's Office (OPDAO) through which the Plaintiff's driver's license was suspended again.

15.

On **July 1st, 2011** the Plaintiff reached a representative of the Louisiana Department of Motor Vehicles who informed him that they had received a letter from the Jackson Parish District Attorney's Office that would remove the driving under suspension flag and there would be no reinstatement fee owed.

16.

In an effort to be thorough, the Plaintiff ultimately obtained confirmation that the matter was dismissed via a Request for Suspension of Operating Privileges which noted a dismissal of Ouachita Parish Citation No.: MN 8453615, Affidavit No.: 11-T09497, with a Date of Violation of 04/17/2011, Description of Violation as Driving Under Suspension, with the Disposition of Dismissed, and dated 08/23/2011 the day before the continuance date.

17.

On **August 24th, 2011** the Plaintiff contacted a representative of the Ouachita Parish District Attorney's Office (OPDAO) to confirm the dismissal of this matter, and they did state that if had the yellow copy of the "Request for Suspension…" slip with the disposition filled in as dismissed there wouldn't be any problem. I asked the representative to please check to make sure the matter was resolved, and she advised they showed no problem in their system.

18.

On **September 14th, 2011** an OPDAO Assistant District Attorney filed a Motion to Dismiss, yet approximately a week later my driver's license was suspended by the La. DMV because the request for suspension notice was not recalled when my dismissal was processed.

x _____
Jerome Walker
3916 Cypress Street, Suite #2, Box 112
West Monroe, La 71291
(318) 348- 6369

3

19.

After being arrested on November 22nd 2011, for Driving under Suspension, on November 23, 2011, I obtained another yellow copy of the Request for Suspension of Operating Privileges. This copy noted a dismissal of Ouachita Parish Citation No.: MN 8453615, Affidavit No.: 11-T09497, with a Date of Violation of 04/17/2011, Description of Violation as Driving Under Suspension, with the Disposition of Dismissed, and dated 08/26/2011, two days after the continuance date.

20.

At around 10:30 PM Tuesday night, November 22nd, 2011, the Plaintiff was pulled over at the intersection of Downing Pines Rd. and Cypress Street. He pulled into the parking lot of the Ole South Diner. Upon approach to the vehicle, PO C. Spillers addressed the Plaintiff by name and advised him that it's late and he was pulling him over due to the fact that one of his license plate lights was out. PO C. Spillers then directed the Plaintiff to step out of the car and accused him of criminal theft and placed him in handcuffs, searched him, and subsequently escorted him to the back seat of his cruiser. PO C. Spillers then called a backup unit and transferred the Plaintiff to that car while they searched his vehicle.

21.

While the Plaintiff was detained in the back of the other cruiser, PO C. Spillers searched all compartments of the Plaintiff's car and removed some of the Plaintiff's personal items, which were never returned to the Plaintiff nor were the items booked into evidence.

22.

Shortly after PO C. Spillers, now Defendant in this matter, left with the Plaintiff's belongings, several of WMPD PO's (about six more) showed up at the Ole South Diner where the Plaintiff was detained. While the Plaintiff was being restrained in the back of one the PO's cruisers parked directly behind the Plaintiff's car, the assigned police officer to that unit directed the new arrivals with his flash light and welcomed them to the "WMPD Block Party." He also guided at least three more random searches throughout Plaintiff's car. For one full hour, The Plaintiff was subjected to watching them from the back of the cruiser.

23.

After PO C. Spillers returned, he transferred the Plaintiff back into his assigned cruiser. He then advised the Plaintiff that he was not going to jail for criminal theft, but was going to jail for driving under suspension. The Plaintiff attempted to explain to PO C. Spillers that he thought that had been resolved and had the paperwork in his car on the passenger side floorboard to prove his license should be valid and there must be a mistake.  PO C. Spillers motioned with his hand and said, "I don't want to hear another word out of you, Mr. Walker." He then called WMPD dispatch to look up any warrants for the Plaintiff in Jackson Parish, and found that there was an active warrant for his arrest. He then informed the Plaintiff that he was now going to be booked in two different places unless he could come up with $3000 plus **dollars.**

x_____
Jerome Walker
3916 Cypress Street, Suite #2, Box 112
West Monroe, La 71291
(318) 348- 6369

4

24.

When PO C. Spillers filled out his affidavit of probable cause for arrest, he cited the arrest was for the Driving Under Suspension and No License Plate light; however, he only issued a citation for Driving Under Suspension. Effectively forcing the Plaintiff to bond out for a ticket that wasn't written.

25.

While the Plaintiff was detained in a holding cell, he was on the phone frantically trying to find a way out of jail, not thinking of or understanding the ramifications of the Jackson Parish warrant issue. He eventually contacted a bail bondsman, because he didn't understand or know his options to get out of jail having never been arrested nor involved with people who have.

26.

The bail bondsman's name is Mr. Andrew Leonard Roberts who was/is operating under the names of South Second Bail Bonds and A-Jack Howell Bail Bonds. The bail bondsmen assured the Plaintiff he had nothing to worry about and would go wake up the Plaintiff girlfriend and explain everything.

27.

When Mr. Roberts arrived at the Plaintiff's girlfriend's house, he informed her that the Plaintiff was in jail and that if she couldn't come up of with $300, the Plaintiff would be serving time. She was concerned that she did not have the money and asked if there were any other options. Mr. Roberts said she had to pay him or the Plaintiff would serve time in both West Monroe and Jonesboro.

28.

After going to an ATM and not having sufficient funds to withdraw, Mr. Roberts forced the Plaintiff's girlfriend to write him a check for the amount and stated that he and the Plaintiff would work it out the next day. He then dropped her off at the Plaintiff's unlocked car and told her she was not to go with him, but drive the car home and he would handle everything.

29.

After Mr. Roberts bonded the Plaintiff out of jail, the Plaintiff was informed that he could not leave because he was being transferred to Jonesboro.

30.

Upon being transferred to Jonesboro, the Plaintiff was placed in a holding cell for about two hours before being transferred to the general prison population, because nothing could be done about the warrant/arrest until the Sheriff and District Attorney's offices opened in the morning.

x_____
Jerome Walker
3916 Cypress Street, Suite #2, Box 112
West Monroe, La 71291
(318) 348- 6369

5

31.

The next morning, November 23, 2011, the Plaintiff's girlfriend appeared at the Jonesboro Sheriff's Office with the document folder she had retrieved from the Plaintiff's car and explained to the Sheriff's representative what had happened. They had to wait for Sharita Baber to arrive to work to confirm that she had written the letters and find out what happened.

32.

Once the Sheriff's Office contacted Sharita Baber and made her write another letter to them recalling the warrant, the Sheriff's Office was able to call and get the Plaintiff removed from the general prison population. They assured the Plaintiff and his girlfriend that the license was straightened out and the arrest warrant removed and apologized for the mix-up explaining that they did not understand how it could happen. The Plaintiff and his girlfriend then had to go see Sharita Baber to get another copy of the letter she sent and information.

33.

Upon arrival back in Monroe, on November 23, 2011, the Plaintiff and his girlfriend went to the Ouachita Parish Courthouse to get another copy of the Request for Suspension of Operating Privileges, previously mentioned in the paragraph numbered 18 of this petition. Then took the copies to the Monroe Office of Motor Vehicles and ensured, again, that the Plaintiff's license was reinstated. They also purchased and repaired the license plate light that same day.

34.

On December 9, 2011, the ticket issued through the West Monroe Police Department was reduced to a first seatbelt violation and the Plaintiff paid the ticket on January 25, 2012.

*Damages and Pleadings*

The Plaintiff alleges that the damages he incurred as a result of the Defendants actions/inactions are a violation of 42 USC 1983 and include, specifically, but not limited to:

1. Defamation of character, slander, and libel via the arrest in both parishes for a suspension/warrant that should have never been issued
2. Defamation of character and libel for the arrest being posted in the Justified newspaper as well as on the West Monroe Police Department website
3. False arrest/unlawful imprisonment, assault, battery, and kidnapping
4. Violation of due process rights
5. Humiliation and duress while being detained in the back of a police car
6. Endangerment of physical, emotional, and psychological health due to being arrested and incarcerated

x _____
Jerome Walker
3916 Cypress Street, Suite #2, Box 112
West Monroe, La 71291
(318) 348-6369

6

7. Fraudulent inducement into a contract by the deceit and intentional withholding of information and alternatives by the bail bondsmen when requested
8. Theft of personal property by the West Monroe Police Department, PO C. Spillers

**WHEREFORE**, the Defendant seeks of the court to rule in his favor and order that:

1. He receive complete assurance that any and all matters relating to tickets in any of the parishes is completely resolved

2. The defendant(s)' Policies, Practices, and Procedures be changed so that neither the Plaintiff nor any other citizen will be subjected to the gross violation of their rights due to such clerical errors

3. There be an investigation into the actions and behaviors of the Defendant(s), including those as yet named, and that appropriate sanctions be exercised/induced, including but not limited to removal from their position if appropriate

4. That the Plaintiff's record(s) be expunged so that his name is no longer associated with an arrest history

5. Compensation for court costs and legal fees associated with the matter, including this current petition as well as any relating to the arrest(s) being expunged from the Plaintiff's records

6. Any other compensation named or unnamed that is allowed by law.

VERIFICATION STATEMENT

I, Jerome Walker, have read the foregoing petition and the facts contained therein are true and correct to the best of my knowledge, information, and belief.

_____

Jerome Walker
3916 Cypress Street, Suite #2, Box 112
West Monroe, LA 71291
(318) 348-6369

Petition Accepted on this _____ day of _____, 2012.

_____
Judge, United States District Court for the Western District of Louisiana

x _____
Jerome Walker
3916 Cypress Street, Suite #2, Box 112
West Monroe, La 71291
(318) 348-6369

7