RECEIVED
IN MONROE, LA.
APR 19 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
2013 APR 19 P 4: 44
TONY R. MOORE
CLERK
BY:_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**JEROME M. WALKER**          NO. 3:12-CV-02978

**VERSUS**                    **JUDGE TRIMBLE**

**JACKSON PARISH DISTRICT**   **MAGISTRATE JUDGE KIRK**
**ATTORNEY'S OFFICE, ET AL**

### MEMORANDUM IN NOTICE OF OPPOSITION TO DEFENDANTS, WEST MONROE POLICE DEPARTMENT AND OFFICER COLBY SPILLERS, MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)

NOW INTO COURT, comes Jerome M. Walker, Plaintiff, pro se, to reply to Defendants, the West Monroe Police Department ("WMPD") and Officer Colby Spillers ("Spillers"), and submit this supporting memorandum in reference to his Complaint in suit against the Defendants, WMPD and Spillers, under 42 U.S.C. § 1983 for damages and injunctive relief.

In the Plaintiff's original Complaint, he alleges a series of events that, when taken together, constitute a violation of 42 U.S.C. § 1983 pursuant to his fourth amendment and other constitutional rights. Until the Plaintiff is allowed discovery he does not have access to critical information[1] that would allow him to determine who all and to what extent each or any party is responsible for the deprivation of and infringement upon his constitutional rights[2]. Thus, in the Plaintiff's complaint on page 2, paragraph numbered 6 it states,

> The Defendant(s) in this matter include but are not limited to those listed and any other yet un-identified person, entity, insurer, organization or other party that may be held in whole or in part responsible/liable that may be revealed for the claims put forth in these proceedings not only in their professional capacity but also possibly in their individual capacity.

---

[1] Watts v. Graves, 720 F. 2d 1416 (5th Cir. 1983); Lavellee v. Listi, 611 F.2d 1129 (5th Cir. 1980); United States v. Kubrick, 444 U.S. 111,122, 100 S. Ct. 352, 359, 62 L.Ed.2d 259 (1979)
[2] Murray v. City of Chicago, 634 F 2d, 365, 366 (7th Cir 1980)

X _/s/ Jerome Walker_
Jerome Walker
3916 Cypress Street, Suite #2, Box 112, West Monroe, La 71291

1

The Plaintiff provides the following in more detailed response to the Defendant's claims:

### I. The West Monroe Police Department is Not a Juridical Entity Capable of Being Sued Under Section 1983

The Defendant claims that the WMPD is an entity that is incapable of being sued as it does not enjoy a "capacity to function independently of the City," however, the determination of whether an entity has legal capacity "will depend on an analysis of what the entity is legally empowered to do."[3] At this stage of the process, without access to the WMPD policies and procedures it is not possible to determine the latitude and discretion with which the WMPD and its officers operate and the control which the WMPD has with respect to the "management of its business or function"[4]. While the West Monroe City charter may not specifically grant independence to the WMPD, the WMPD describes itself on its website as:

> "Louisiana's first nationally accredited police agency. The department consists of approximately 70 dedicated professionals and a very active Reserve Unit consisting of approximately 24 state certified Police Officers. The WMPD deploys personnel from one central headquarters and maintains three sub-stations strategically located in the City. West Monroe is also home to the North Delta Police Academy and the FBI/Metro Drug Task Force. Providing a high level of public service to West Monroe's approximately 15,000 citizens is the police department's mission. The department has many resources and specialized personnel at its disposal."[5]

The statements that the WMPD "deploys personnel" and has "resources and specialized personnel at its disposal" lends credit to the possibility that the WMPD has authority and freedom to operate freely within its function of providing public service to the citizens of West Monroe. Further,

> The Supreme Court has directed the lower federal courts to apply qualified immunity broadly, to protect from civil liability for damages all officers except "the plainly

---

[3] Roberts v. Sewerage & Water Bd. Of New Orleans, 634 So. 2d 341, 347 (1994).
[4] Roberts, 634 So. 2d at 347-348
[5] www.wmpd.net (last accessed 4/19/2013)

X _____
Jerome Walker
3916 Cypress Street, Suite #2, Box 112, West Monroe, La 71291

2

incompetent or those who knowingly violate the law,"[6] in order that officers might not be unduly 'inhibited in performing their official duties'"[7].

Given the nature of the arrest of the Plaintiff by the WMPD and the fact that pursuant to LA R.S.32:415, Spillers had the discretion to subject the Plaintiff to a fine or an arrest; however, Spillers chose to arrest the Plaintiff rather than ticket him, which would have afforded the Plaintiff the opportunity to address the issue with his license and the invalid Jonesboro warrant without being deprived of his rights. Further, the Plaintiff alleges that were it not for the independent actions of Spillers and the WMPD, his damages would have likely been substantially lessened as he would have been able to resolve the issue with his license without being arrested, incarcerated, and/or otherwise deprived of his freedom and personal property and/or subjected to violations of his constitutional and civil rights, specifically but not limited to his fourth amendment rights. Thus, it would be premature to dismiss the WMPD and/or Officer Spillers from the Complaint.

## II. Walker Fails to State a Claim upon Which Relief Can be Granted

### a. Standard on Fed. R. Civ. Proc. 12(b)(6) Motion to Dismiss

When reviewing a motion to dismiss a claim pursuant to Fed. R. Civ. P. 12(b), a court seeks only to see a short and plain statement that the Plaintiff is entitled to relief. A complaint need only to contain a sufficient factual matter to "state a claim to relief that is plausible on its face."[8] In evaluating such "factual matter," the allegations are construed in the light most favorable to the plaintiff and all facts alleged are assumed true.[9] "In testing the sufficiency of a section 1983 complaint, the complaint should not be dismissed unless it appears beyond doubt that the

---

[6] Malley v.Briggs, 475 U.S. 335, 341, 106 S. Ct. 1092,89L. Ed. 2d 271 (1986)
[7] Medina v. Cram, 252 F.3d 1124, 1127 (10th Cir. 2001); Wilson v. City of Lafayette, et.al.
[8] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
[9] Broadcom Corp v. Qualcomm Inc, 501 F. 3d 297, 306 (3d Cir. 2007)

X  _Jerome Walker_
Jerome Walker
3916 Cypress Street, Suite #2, Box 112, West Monroe, La 71291

3

plaintiff can prove no set of facts which would entitle him to relief"[10] and "The allegations of the complaint, particularly a *pro se* complaint, must be accepted as true, along with any reasonable inferences that may be drawn there from."[11] Thus, the Plaintiff should be entitled to have discovery to make his case. From the facts alleged by the Plaintiff it can be inferred/construed that the Plaintiff's individual civil rights, were violated and he is entitled to discovery in order to determine who is responsible for the wrong.[12] On page 4, paragraph numbered 21, of the Complaint the Plaintiff states,

> "While the Plaintiff was detained in the back of the other cruiser, PO C. Spillers searched all compartments of the Plaintiff's car and removed some of the Plaintiff's personal items, which were never returned to the Plaintiff nor were the items booked into evidence."

The Plaintiff asserts that can be reasonably construed to infer exposure to illegal/warrantless seizure of personal property in violation of his constitutional rights. In fact, in the Defendant's memorandum in support of their Motion to Dismiss, on page 6, they stated that the Plaintiff was allegedly "subjected to theft". When done by a police officer, it is reasonable to construe that property removed from a detainee's control and not returned to the detainee nor booked into evidence, i.e. theft, qualifies as unlawful seizure of property. Thus, the plaintiff has further supported his claims of a violation of his fourth amendment and other rights pursuant to 42 U.S.C. § 1983, which states:

> "Every person who under color of any statute, ordinance, regulation, custom or usage, of a State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

---

[10] Watts v. Graves, 720 F. 2d 1416, 1418 – 19(5th Cir. 1983).
[11] Ryland v. Shapiro, 708 F.2d 967(5th Cir. 1983)
[12] Murray v. City of Chicago, 634 F.2d 365, 366 (7th Cir. 1980)

x _____(signature)_____
Jerome Walker
3916 Cypress Street, Suite #2, Box 112, West Monroe, La 71291

4

Once the Plaintiff is allowed to follow through with the discovery process, the responsible parties may be identified and/or appropriately assigned responsibility.

### b. Walker's Claims under Section 1983 are Prescribed

The Complaint was timely filed and the applicable prescriptive period had not expired. The Plaintiff acknowledges the facts that he was pulled over on November 22, 2011 and released from prison on November 23, 2011. November 23rd, 2012 was one year from November 23rd, 2011. However, November 23, 2012 was the day after Thanksgiving, otherwise known as "Black Friday." Given that the Federal Courthouse was closed, the Plaintiff is unaware of any method through which he could have filed his complaint that day, effectively extending the holiday to November 24, 2012. Given that the next two days were the weekend, during which the Federal Courthouse was also closed, the Plaintiff filed his Complaint on the next available day, Monday November 26, 2012.

Further, while a section 1983 action accrues and the statute of limitations begins to run when the "plaintiff knows or has reason to know of the injury which is the basis of the action"[13]; stated differently "until the plaintiff is in possession of the 'critical facts' that he has been hurt and who has inflicted the injury, the statute of limitations does not commence to run."[14] Although the Plaintiff was released from prison, at the time of release, he was not aware until sometime later that the arrest was faulty and violated his constitutional and civil rights when he attempted to resolve and pay for the matter and realized that the warrant issued by the Jonesboro Sheriff's Department was invalid, his license was suspended in error, and that he may have a Section 1983 claim.

---

[13] Lavellee v. Listi, 611 F. 2d at 1131 (5th Cir. 1980)
[14] Watts v. Graves, 720 F. 2d 1416 (5th Cir. 1983)

X _____
Jerome Walker
3916 Cypress Street, Suite #2, Box 112, West Monroe, La 71291

In addition, the Plaintiff has had an interaction with the WMPD and Officer Spillers on January 27, 2013, after the filing of this complaint. Officer Spillers pulled the Plaintiff over in the same area near the Plaintiff's workplace and attempted to arrest the Plaintiff for unauthorized use of a movable. However, Officer Spillers "cut him loose" after speaking to the car owner, who is on the same auto insurance plan as the Plaintiff, and being informed by the owner that the Plaintiff had received permission to use the car.

### c. Plaintiffs defamation claims are insufficient to state a cause of action under Section 1983

The Plaintiff has the potential through the discovery process to support and demonstrate that he has sufficient claim to invoke the due process clause. Please refer to this memorandum Section II Part a.

Further, in an effort to reduce damages, on November 29th, 2011 the Plaintiff reported his complaints/concerns to a supervising/public relations officer (Cpl. Gabb). Cpl. Gabb disregarded the Plaintiff's requests and made no effort to remove the Plaintiff's name or likeness from the Bookings webpage. The Plaintiff asked Cpl. Gabb if he could help prevent him from being posted in the Justified publication before it ran. Cpl. Gabb stated that Justified is a separate entity, but that they get their information from the WMPD website. In saying this, Cpl. Gabb essentially admitted that the WMPD was effectively in control of initializing and maintaining the Plaintiff's defamation of character, slander, libel claims. The Plaintiff was subjected to this exposure for several weeks to following this interaction and his arrest was publicized in the Justified paper.

x /s/ Walker
Jerome Walker
3916 Cypress Street, Suite #2, Box 112, West Monroe, La 71291

6

### d. Plaintiff fails to state a claim for injunctive relief

The Plaintiff has the potential to address this issue through the course of discovery and should be allowed to proceed. Please refer to this memorandum Section II, Part a.

## III. Conclusion

The Plaintiff's action was timely filed and the events put forth, taken collectively, have the potential to construe a claim for the violation of his civil and constitutional rights pursuant to the fourth amendment and other constitutional and civil rights. Thus, it would be premature to dismiss the Plaintiff's case as it concerns the WMPD, Officer Spillers, and/or any other entity that may be found responsible for the infringement and violation upon the Plaintiff's rights. If it is determined that the Plaintiff has the potential to address any remaining issues for this or other Defendants with an amended petition, the Plaintiff respectfully extends his willingness to do so.

### VERIFICATION STATEMENT

I, Jerome Walker, have read the foregoing petition and the facts contained therein are true and correct to the best of my knowledge, information, and belief.

Jerome Walker
3916 Cypress Street, Suite #2, Box 112
West Monroe, LA 71291
(318) 348-6369

x Jerome Walker
3916 Cypress Street, Suite #2, Box 112, West Monroe, La 71291

## CERTIFICATE OF SERVICE

I, Jerome M. Walker, do hereby certify that a copy of the above and foregoing Memorandum in Opposition to the Defendant's Motion to Dismiss was served upon the parties via the Court's electronic mail notification system and mailed or delivered to the Attorneys for the West Monroe Police Department and Officer Colby Spillers, 2811 Kilpatrick Boulevard, Post Office Box 8032, Monroe, Louisiana 71211-8032.

West Monroe, Louisiana, this 19th day of April, 2013.

_____
Jerome M. Walker

x _____
Jerome Walker
3916 Cypress Street, Suite #2, Box 112, West Monroe, La 71291

8