RECEIVED

JUN - 3 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| JEROME M. WALKER | : | DOCKET NO. 3:12-02978 |
| VS. | : | JUDGE TRIMBLE |
| JACKSON PARISH DISTRICT ATTORNEY'S OFFICE, ET AL | : | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING

Before the court are several motions: (1) "Motion to Dismiss Pursuant to F.R.C.P. 12(b)" ( R.#5) filed by defendants, the West Monroe Police Department and Officer Colby Spillers", (2) "Defendant Ouachita Parish District Attorney's Office Motion to Dismiss for Failure to State a Claim Under Rule 12(b)" filed by defendant Jerry L. Jones, District Attorney for the 4th Judicial District of Louisiana, incorrectly cited as Ouachita Parish District Attorney's Office ( R. #9), (3) "Motion to Dismiss Pursuant to F.R.C.P. 12(b)" ( R. #10) filed by defendant, South Second Bail Bonds and/or A-Jack Howell Bail Bonds, Owner/Agent, Andy L. Roberts, (incorrectly stated as Andrew Leonard Roberts), and (4) "Defendants Jackson Parish District Attorney's Office and Sharita Bebers Motion to Dismiss for Failure to State a Claim Under Rule 12(b)" ( R. #13) filed by defendants, Jonathan M. Stewart, District Attorney for the 2nd Judicial District of Louisiana, incorrectly cited as Jackson Parish District Attorney's Office, and Sharita Bebers, incorrectly cited as Sharita Babers.

### ALLEGATIONS

In his complaint, plaintiff, Jerome M. Walker makes the following allegations. Mr. Walker

lives in West Monroe, Louisiana.  On April 15, 2009, Mr. Walker received a traffic ticket in Jackson Parish.   On October 19, 2009, Mr. Jackson paid the ticket and was assured by Assistant District Attorney, Gary Nunn, that the violation had been fully handled.[1] On April 17, 2011, Mr. Walker was stopped in Ouachita Parish at what he thought was a routine traffic stop.  Mr. Walker received a traffic ticket for driving under suspension.  Based upon this ticket, Mr. Walker assumed that the Jackson Parish District Attorney Office ("JPDAO") failed to record or properly report that he had in fact complied with paying  the fines and/or fees associated with the first traffic ticket.

Mr. Walker communicated with Mr. Nunn in an attempt to resolve the driving under suspension ticket through numerous conversations and correspondence including going to court on June 21, 2011 which resulted in a continuance to August 24, 2011.  On June 22, 2011, Mr. Walker contacted the Ouachita Parish District Attorney's Office ("OPDAO") to inform them of the continuance.  Mr.Walker was advised that the "OPDAO" "had nothing for him and since he got a continuance there was no need for him to be in court."[2]  On that same day the OPDAO issued a bench warrant for Mr. Walker and also suspended his license.[3]

On July 1, 2011, Mr. Walker contacted the Louisiana Department of Motor Vehicles who informed him that they had received a letter from the JPDAO stating that they would remove the driving under suspension flag and that no reinstatement fee was owed.[4] Mr. Walker obtained confirmation that the matter was dismissed via a Request for Suspension of Operating Privileges

---

[1]  Complaint, R. #1, ¶ 9.

[2]  Id. ¶ 13.

[3]  Id.

[4]  Id., ¶ 15.

which noted a dismissal of Ouachita Parish Citation No.: MN 8453615, Affidavit No.: 11-T09497, violation date 4/17/2011 and dismissal date of 08/23/2011.[5]

On August 24, 2011, Plaintiff contacted a representative of OPDAO to confirm dismissal of the matter and was advised that they showed no problems in their system.[6]

On September 14, 2011, OPDAO Assistant District Attorney filed a motion to dismiss; approximately a week later, Mr.Walker's driver's license was suspended by the Louisiana Department of Motor Vehicles.[7]

On November 22, 2011, Mr. Walker was pulled over by Police Officer Spillers because one of his license plate lights was out.  Officer Spillers accused Mr. Walker of criminal theft and detained him in the back seat of his cruiser while he searched his vehicle and took personal items that were never returned.  Several other officers were called to the scene who also searched Mr. Walker's car while he was held in the back of the cruiser. Mr. Walker was then arrested for driving under suspension. Officer Spillers also informed Mr. Walker that there was an active bench warrant for his arrest.  Again, Mr. Walker obtained a Request for Suspension of Operating Privileges which noted a dismissal of the Ouachita Parish Citation No.: 8453615, violation date 4/17/2011 and a dismissal dated 08/23/2011.[8]

Not being familiar with the arrest process, Mr. Walker  eventually contacted Mr. Andrew Leonard Roberts d/b/a South Second Bail Bonds and A-Jack Howell Bail Bonds. Mr. Roberts went

---

[5] Id., ¶ 17.

[6] Id.

[7] Id. ¶ 18.

[8] Id., ¶ 19.

to Mr. Walker's girlfriend's house and informed her that he was in jail, and that if she did not come up with $300.00, he would serve time in both West Monroe and Jonesboro. After failing to withdraw sufficient funds from an ATM, Mr. Roberts forced Mr. Walker's girlfriend to write him a check for $300.00 and informed her that he would "work it out the next day."[9]

Mr. Roberts bonded Mr. Walker out of jail, but Mr. Walker was then transferred to Jonesboro,[10] where he was placed in a holding cell and then transferred to the general prison population until the Sheriff and District Attorney's offices opened the next morning.[11]

The following morning, November 23, 2011, Mr. Walker's girlfriend was able to obtain the appropriate documents from Mr. Walker's car which showed that the ticket for driving under suspension had been dismissed. The Sheriff's Office called and had Mr. Walker removed from the general prison population and further assured Mr. Walker that the license had been "straightened" out and the arrest warrant removed.[12]  Mr. Walker was subsequently assured that his license was reinstated.  On that same day, Mr. Walker purchased and repaired the license plate light.[13]

Mr. Walker seeks damages pursuant 42 U.S.C. § 1983 for defamation of character, slander, and libel, false arrest, unlawful imprisonment, assault, battery, kidnapping, violation of due process rights, humiliation, duress, and endangerment of physical, emotional, and psychological health,

---

[9]  Id. ¶ 28.

[10]  Id. ¶ 29.

[11]  Id. ¶ 31.

[12]  Id. ¶ 32.

[13]  Id. ¶ 33.  The ticket was reduced to a seat belt violation on December 9, 2011 which Mr. Walker paid on January 25, 2012.

fraudulent inducement to enter into a contract by the bail bondsmen, and theft of personal property by the West Monroe Police Department and Officer Spillers.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[14] Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[15]  The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[16]  In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[17] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[18]  "Legal conclusions masquerading as factual conclusions will not

---

[14] Hitt v. City of Pasadena, 561 F.2d 606,608 (5th Cir. 1977)(per curium) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

[15]  Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

[16]  Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[17]  Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[18]  Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

suffice to prevent a motion to dismiss."[19]  "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[20]

Under Rule 8 of the Federal Rules of civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[21]  A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do."[22]  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[23]

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[24]

## LAW AND ANALYSIS

*Motion to dismiss filed by West Monroe Police Department and Officer Colby Spillers ( R. #5)*

The West Monroe Police Department seeks dismissal based on the fact that it is not a juridical entity capable of being sued. Our jurisprudence dictates that a police department is incapable of being sued.[25]  On that basis, the court will dismiss the West Monroe Police Department

---

[19]  Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[20]  Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[21]  Bell Atlantic Corp. v. Twombly,  550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[22]  Id.

[23]  Id., at 557, 127 S.Ct. 1955.

[24]  Id., at 570, 127 S.Ct. 1955.

[25]  LaMartina-Howell v. St. Tammany Parish Sch. Bd., 2009 WL 3837323 (E.D. La. Nov. 12, 2009); Hicks v. Page, 2010 WL 2243584 (W.D. La. Feb. 26, 2010); Batiste v. Bonin, 2007

from this lawsuit.

Defendant Spillers seeks to be dismissed from the lawsuit based on prescription.  Spillers remarks that plaintiff was released from jail on November 23, 2011 and based on the prescriptive period under Louisiana law, Mr. Walker must have filed his lawsuit no later than November 23, 2012.  The instant lawsuit was filed on November 26, 2012.  At first glance, it would seem that the instant lawsuit has prescribed.  However, November 23, 2012 is a Friday and also the day after Thanksgiving; the Federal Courthouse was closed on November 23, 2012[26] and did not reopen until November 26, 2012.  In Toups v. Texaco, Inc.,[27] the court held that when the Federal Court House was closed and a party was unable to file suit as a result of the Clerk's office being closed, whether that day fell upon a legal holiday or the office was closed for some other reason, prescription was suspended. We adopt the reasoning in Toups and find that Mr. Walker's lawsuit has not prescribed.[28]

Officer Spillers seeks to dismiss plaintiff's claims of defamation (libel and slander) because the claim is insufficient to state a cause of action under § 1983.  Officer Spillers argues that defamation does not implicate a property or liberty interest sufficient to invoke the due process

---

WL 1791219 (W.D. La. June 13, 2007); Evans v. City of Homer, 2007 WL 2710792 (W.D. La. Sept. 12, 2007); Martin v. Davis, 2007 WL 763653 (E.D. La. 2007)(Under Louisiana law, police departments are not juridical entities capable of suing or being sued).

[26] Mr. Walker relies on Louisiana Revised Statute 1:55 which provides that district courts, parish courts and city courts are closed on the Friday after Thanksgiving.  However, this statute does not apply to federal district court. Be that as it may, the Federal Court in Monroe was closed on the Friday after Thanksgiving – November 23, 2012.

[27] 317 F. Supp. 579 (W.D. La. 1970) citing Saxon v. Fireman's Ins. Co. of Newark, New Jersey, et al, 224 So.2d 560 (La.App. 3d Cir. 1969).

[28] See also Louisiana Civil Code article 5059 as to computation of time which expressly does not include a legal holiday in computing a period of time allowed or prescribed by law.

7

clause, and that Mr. Walker has alleged no tangible interest affected by the defamation. "Damage to one's reputation alone, apart from some more tangible interest such as employment, does not implicate any "property" or "liberty" interest sufficient to invoke the due process clause. More must be involved than defamation to establish a § 1983 claim under the fourteenth amendment.[29]  The court finds merit to defendant's argument and will dismiss Mr. Walker's claims of defamation for failure to state a claim upon which relief can be granted.

In his complaint, Mr. Walker seeks assurance that any and all matters relating to the tickets in any of the parishes be completely resolved and that his record be expunged.  Out of an abundance of caution and/or to the extent Mr. Walker is seeking injunctive relief, Mr. Spillers maintains that Mr. Walker is not entitled to such prospective relief.  Unfortunately, Mr. Walker has failed to provide this court with any bases or authority to expunge his record or to grant the injunctive relief he is requesting. Accordingly, Mr. Walker's claims for injunctive relief and to expunge his record will be dismissed.

In summation, the motion to dismiss will be granted to the extent that the West Monroe Police Department will be dismissed because it is not a juridical entity capable of being sued under section 1983; the motion to dismiss will be denied to the extent the court finds that Mr. Walker's claims are not prescribed; the motion to dismiss will be granted to the extent that Mr. Walker's defamation claims are insufficient to state a cause of action under § 1983; the motion to dismiss will be granted to the extent that Mr.Walker's claims for injunctive relief and/or expungement will be dismissed because he has failed to show that he is entitled to the relief requested.

---

[29] Paul v. Davis, 424 U.S. 693, 701, 712, 96 S. Ct. 1155, 1160, 1166 (1976); see Cook v. Houston Post, 616 F.2d 791, 794 (5th Cir. 1980).

*Jerry Jones, District Attorney for Ouachita Parish's motion to dismiss ( R. #9)*

Defendant, Jones, first maintains that Mr. Walker's claims should be dismissed because they are prescribed. For the reasons set forth above, the court finds that plaintiff's claims are not prescribed and to that extent the motion will be denied.

Defendant Jones maintains that the claims against him must be dismissed because of absolute immunity. A prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties.[30] Mr. Walker's complaints against Mr. Jones clearly arise out of his duties relating to the prosecution of and presentation of evidence to a judicial or quasi-judicial proceeding. Mr. Walker's complaint does not allege any actions of Mr. Jones that would place it outside the realm of absolute immunity. Accordingly, the claims against Mr. Jones will be dismissed.

*Motion to dismiss defendant South Second Bail Bonds and/or A-Jack Howell Bail Bonds, Owner/Agent, Andy L. Roberts ("Collectively referred to as "Roberts") ( R. #10)*

Roberts maintains that the claims against him should be dismissed because they are prescribed. For the reasons set forth above, the claims are not prescribed and will not be dismissed based on prescription. Accordingly, as to prescription, the motion to dismiss will be denied.

*Motion to dismiss filed by defendants Jackson Parish District Attorney's office and Sharita Bebers ( R. # 13)(referred to as "JPDAO" and Bebers)*

JPDAO and Bebers maintain that the claims against them should be dismissed because they are prescribed. For the reasons set forth above, the claims are not prescribed and will not be dismissed based on prescription. Accordingly, as to prescription, the motion to dismiss will be denied.

Defendants, JPDAO and Bebers, maintain that the claims against them must be dismissed

---

[30] Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984 (1976).

because of absolute immunity. A prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties.[31] Mr. Walker's complaints against these defendants clearly arise out of their duties relating to the prosecution of and presentation of evidence to a judicial or quasi-judicial proceeding. Mr. Walker's complaint does not allege any actions of the JPDAO and Bebers that would place them outside the realm of absolute immunity.  Accordingly, the claims against the JPDAO and Bebers will be dismissed.

<u>CONCLUSION</u>

For the reasons set forth above, the motion to dismiss filed by the West Monroe Police Department and Officer Colby Spillers will be granted to the extent that the West Monroe Police Department will be dismissed and plaintiff's claims of defamation and for injunctive relief and/or expungement will be dismissed; the motion will be denied to the extent that plaintiff's remaining claims are not prescribed.  The motion to dismiss filed by District Attorney Jerry Jones for Ouachita Parish will be granted to the extent that the court finds that Mr. Jones enjoys absolute immunity from § 1983 suits for damages; otherwise the motion is denied. The motion to dismiss  filed by defendant South Second Bail Bonds and/or A-Jack Howell Bail Bonds, Owner/Agent, Andy L. Roberts will be denied. The motion to dismiss filed by defendant Jackson Parish District Attorneys Office and Sharita Bebers is denied as to prescription, but is granted to the extent that these defendants enjoy absolute immunity from § 1983 suit for damages.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of June 2013 .

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[31] Id.