RECEIVED
JUL 19 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| JEROME M. WALKER | : | DOCKET NO. 3:12-2978 |
| VS. | : | JUDGE TRIMBLE |
| GARY NUNN, ASSISTANT DISTRICT ATTORNEY | : | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the court is "Defendants Jackson Parish District Attorney's Office and Sharita Bebers Motion to Dismiss for Failure to State a Claim Under Rule 12(b)" (R.#39) wherein defendant, Gary Nunn,[1] seeks to be dismissed because the allegations contained in the complaint do not state a claim upon which relief can be granted.[2]

## FACTUAL STATEMENT

For a complete recitation of the facts, see the Memorandum Ruling dated June 3, 2013.[3]

## LAW AND ANALYSIS

In his adopted motion, Mr. Nunn, as the prior Assistant District Attorney, seeks to be dismissed from this lawsuit based on absolute immunity and because the claims asserted against him

---

[1] Mr. Nunn filed a motion to adopt the motion to dismiss filed by defendant, Jonathan M.. Stewart, District Attorney for the 2nd Judicial District of Louisiana which was granted. See. R. #37 and #13.

[2] The undersigned granted in part the Jackson Parish District Attorney's motion to dismiss. The motion was denied to the extent that the court found that plaintiff's claims had not prescribed, but granted the motion dismissing with prejudice the claims against these defendants because of absolute immunity.

[3] R. #31.

are prescribed. Mr. Nunn asserts that the allegations made against him involve the prosecution of certain traffic offenses filed against plaintiff, and that the complaint fails to allege any actions outside the realm of absolute immunity. Hence, Mr. Nunn maintains that the claims made against him must be dismissed.

Generally, "absolute immunity protects a person from being sued in connection with his duties altogether, regardless of the merit of the claim."[4] A prosecutor bears the "heavy burden" of establishing entitlement to absolute immunity.[5] This inquiry focuses on "the nature of the function performed, not the identity of the actor who performed it."[6] Under this functional approach, a prosecutor enjoys absolute immunity for actions performed in a judicial or "quasi-judicial" capacity.[7] This immunity attaches to actions "intimately associated with the judicial phases of litigation,"[8] but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings.[9]

---

[4] Lucas v. Parish of Jefferson, 999 F.Supp. 839, 842 (E.D. La. March 31, 1998); Burns v. Reed, 500 U.S. 478, 493, 111 S. Ct. 1934, 1943 (1991). (The scope of prosecutorial absolute immunity has been limited to those acts "intimately associated with the judicial phase of the criminal process.")

[5] Light v. Haws, 472 F.3d 74, 80-81 (3d Cir. 2007).

[6] Light, 472 F.3d at 78.

[7] Giuffre v. Bissell, 31 F.3d 1241, 1251 (3d Cir. 1994).

[8] Cousin v. Small, 325 F.3d 627 (5th Cir. 2003).

[9] Giuffre, 31 F.3d at 1251; see also Burns v. Reed, 500 U.S. 478, 495-96, 111 S.Ct. 1934 (1991) (a prosecutor's administrative and investigatory acts are not absolutely immune because "[a]lmost any action by a prosecutor, including his or her direct participation in purely investigative activity could be said to be in some way related to the ultimate decision whether to prosecute."); see also Yarris v. County of Delaware, 465 F.3d 129 (3d Cir. 2006).

Mr. Walker maintains that the claims made against Mr. Nunn should not be dismissed because Mr. Nunn was directly responsible for them due to his gross negligence and failure to supervise. Mr. Walker further seeks additional discovery to determine who all and to what extent each or any party is responsible for the deprivation of and infringement upon his constitutional rights. We must determine whether Mr. Nunn's actions were "quasi-judicial" and entitled to absolute immunity, or "administrative or investigatory" which would not entitle him to absolute immunity.

"A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings,"[10] are not entitled to absolute immunity, whereas "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."[11] Absolute immunity does not attach where a prosecutor's role as advocate has not yet begun, *or where it has concluded.* [12] Moreover, the period during which prosecutors are most likely functioning in a "quasi-judicial" capacity is the time between the indictment and dismissal, acquittal, or conviction.[13]

Hence, we must dissect the actions of Mr. Nunn and examine the nature of the function performed, not the identity of the actor who performed it, to determine if he was functioning as the state's "advocate" while engaging in the alleged conduct that gives rise to the constitutional violation. Mr. Walker asserts that Mr. Nunn acted outside his authority and suspended a license and

---

[10] Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S.Ct. 2606 (1993).

[11] Id., at 273.

[12] Yarris, 465 F.3d at 137.

[13] Odd. v. Malone, 538 F.3d 202 (3d Cir. 2008).

3

issued a warrant for which there was no judicial and/or quasi-judicial authority. Mr. Walker alleges that he went to Jackson Parish on October 19, 2009 and paid his ticket, and after showing the receipt to Mr. Nunn, he was led to believe that the matter was resolved.[14] Mr. Walker maintains that Mr. Nunn had an administrative obligation to inform the court that a court date would no longer be necessary. However, plaintiff alleges that on November 12, 1999 the Jackson Parish District Attorney's Office requested that his driving privileges be suspended. Thus, when a warrant was issued for his failure to appear, such action by Mr. Nunn was not a part of the prosecutorial function and outside the realm of absolute immunity.

Plaintiff also complains that he is "presently restricted" from information that he believes will further support his claims. Furthermore, he asserts that he is entitled to discovery to determine who is responsible for his arrest and incarceration in two parishes.

The court agrees that Mr. Nunn is not entitled to absolute immunity because when Mr. Walker paid the ticket, Mr. Nunn no longer functioned as an advocate of the state. Accordingly, the motion to dismiss will be denied. Furthermore, as we determined in the motion to dismiss filed by defendant, Jonathan M. Stewart, District Attorney for the 2nd Judicial District of Louisiana, and for the reasons set forth in that Memorandum Ruling,[15] we find that plaintiff's claims have not prescribed.

## CONCLUSION

Based on the foregoing, the motion to dismiss will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19th day of

---

[14] Complaint, ¶ 9.

[15] R. #31.

July, 2013.

                                               _____
                                               JAMES T. TRIMBLE, JR.
                                               UNITED STATES DISTRICT JUDGE