RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/2/15
      /MB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| JEROME WALKER | : | DOCKET NO. 3:12-02978 |
| VS. | : | JUDGE TRIMBLE |
| JACKSON PARISH DISTRICT ATTORNEY'S OFFICE, ET AL | : | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (R. #71) wherein the mover, Officer Colby Spillers, moves to dismiss the allegations made in plaintiff's Amended Complaint[1] for failure to state a claim upon which relief can be granted. For the following reasons, the motion will be granted.

## FACTUAL ALLEGATIONS

In his amended complaint, plaintiff seeks (1) to name the City of West Monroe as a defendant,[2] and (2) to assert claims for police harassment and reassert claims of defamation of character for an alleged "stop on January 27, 2013.". Plaintiff complains that after his original arrest in November 2011, Officer Spiller repeatedly called plaintiff's workplace in order to convince plaintiff's employer to press charges against him for taking merchandise out of his employer's dumpster. Plaintiff alleges that on January 27, 2013 Officer Spillers stopped plaintiff for driving

---

[1] R. #69.

[2] Named defendant, City of west Monroe has not been served.

"suspicious";[3] he complains that Officer Spillers detained him for about twenty minutes while he verified that plaintiff had permission to drive the vehicle which nearly cost plaintiff his relationship with his girlfriend. Plaintiff then alleges that the November 2011 arrest harmed his ability to fight for his children in a custody dispute, his work life and his personal relationships. Plaintiff further complains that he has endured teasing about "dumpster diving," his appearance in the Justified publication and other websites relating to his arrest. Plaintiff also complains that since his arrest, Officer Spillers started shopping at his place of employment, showing up several times a day, sometimes in uniform ultimately causing plaintiff to change places of employment.

Plaintiff complains that the above mentioned incidents indicate a pattern of harassment, gross abuse of authority and malicious intent as well as a deprivation of plaintiff's liberty.

## RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[4] Subsumed within the rigorous standard of the Conley test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[5] The plaintiff's complaint is to

---

[3] The court notes that Officer Spillers was served with the original complaint in this matter on March 22, 2013. R. #4.

[4] Hitt v. City of Pasadena, 561 F.2d 606,608 (5th Cir. 1977)(per curium) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

[5] Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[6] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[7] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[8] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[9] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[10]

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[11] A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do."[12] Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[13]

---

[6] Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[7] Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[8] Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[9] Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[10] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[11] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[12] Id.

[13] Id., at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[14]

## LAW AND ANALYSIS

Defendant Officer Spillers moves to dismiss all claims asserted against him in the amended complaint because (1) plaintiff's claims are prescribed, (3) they fail to state a claim upon which relief can be granted, and/or (3) Officer Spillers is entitled to qualified immunity.

*Prescription*

Spillers maintains that all claims that arise from the January 27, 2013 must be dismissed because they are prescribed. A complaint is subject to dismissal for failure to state a claim upon which relief can be granted if from the face of the complaint, it is apparent that the applicable prescriptive period has expired.[15] The Fifth Circuit "appl[ies] federal and state law to determine whether the § 1983 limitations period has run."[16] "The limitations period for § 1983 claims in federal court is governed by state law, and [the Fifth Circuit applies] the limitations period that 'the state would apply in an analogous action in its courts.'"[17] Under applicable Louisiana law and Fifth Circuit precedent, a § 1983 action prescribes in one year.[18] The limitations period under federal law

---

[14] Id., at 570, 127 S.Ct. 1955.

[15] Washington v. Allstate Ins. Co., 901 F.2d 1281, 1283 (5th Cir. 1990); Marceaux v. Lafayette City-Parish Consol. Gov't, 13 WL 395844 at *25 (W.D. La. Jan 30, 2013).

[16] McGuire v. Larpenter, 2014 WL 6440383 at *1 (5th Cir. Nov. 2014) (per curiam) (citing Bourdais v. New Orleans City, 485 F.3d 294, 298 (5th Cir. 2007).

[17] Id. (quoting Bourdais, 485 F.3d at 298); see also Wilson v. Garcia, 471 U.S. 261, 279-80 (1984) superseded by statute on other grounds, 541 U.S. 369, 383-85 (2004).

[18] See Bourdais, 485 F.3d at 294 (citing La. Civ. Code art. 3492).

begins to run "the moment the plaintiff becomes aware that he has suffered injury or has sufficient information to know that he has been injured."[19] Claims arising under Louisiana Civil Code article 3492 commence "the day the injury or damage is sustained meaning when the damage has "manifested itself with sufficient certainty to support accrual of a cause of action."[20] The burden to show that prescription has been interrupted or suspended falls to the plaintiff. [21]

Officer Spillers argues that plaintiff would have been aware of any injury on January 27, 2013 when the traffic stop was alleged to have occurred. The amended complaint was filed on December 3, 2014 well after the one year statute of limitations. Plaintiff argues that the January 27, 2013 traffic stop relates back to the November 22, 2011 and had it not been for defendants' behavior and violation that plaintiff experienced, the January 27, 2013 detainment "either would not have occurred or would not have caused a level of damage that would result in the Plaintiff filing a lawsuit."[22]

Prescription may be interrupted if the claims "relate back" to the originally filed complaint. Federal Rules of Civil Procedure 15(c)(1) provides that an amendment of a complaint relates back to the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back:
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out– or attempted to set out– in the original pleading; or

---

[19] Piotrowski v. City of Houston, 51 F.3d 512, 516 (5 th Cir. 1995)(quoting Russel v. Bd. of Trustees, 968 F.2d 489, 493 (5th Cir. 1992)).

[20] Faborn v. Albea, 2014 WL 1584502 at *3 (La.App. 1 Cir. 2004)(citation omitted).

[21] Jackson v. Hicks, 147 So.3d 283, 285 (La.App. 2 Cir. 8/13/14).

[22] Plaintiff's opposition to motion to dismiss, R. #75, p. 3.

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
    (i) received such notice of the action that it will not be prejudiced in defending the merits; and
    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Under Louisiana law, Louisiana Code of Civil Procedure 1153 provides that: "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."

Officer Spiller maintains that the January 27, 2013 traffic stop bears no relationship to the November 22, 2011 arrest, therefore the amended complaint does not relate back to the original complaint. The court notes that the bare-boned allegations in the amended complaint fail to tie the January 27, 2013 traffic stop to the initial arrest and it is plaintiff's burden of proving that prescription has been interrupted. The court finds that the January 27, 2013 traffic stop is a separate event that does not relate back to the original complaint. Accordingly, any claims alleged are clearly prescribed.

Plaintiff has further alleged in his amended complaint that Officer Spillers began shopping at plaintiff's employment after the November 22, 2011 arrest. As noted by Officer Spillers, plaintiff has failed to allege the dates of such visits and/or their frequency.[23] Because plaintiff has the burden of proving that his claims are not prescribed, we can only conclude that without dates of the alleged harassment, the court must find that plaintiff's claims in his amended complaint are prescribed.

---

[23] Plaintiff's original complaint was filed on November 26, 2012.

*Failure to state a claim as to defamation and injury to reputation*

Plaintiff asserts a claim of defamation and injury to reputation when Officer Spillers (1) called plaintiff's employer about pressing charges, and (2) called plaintiff's "significant other" to verify that she gave him permission to drive her car.

Officer Spillers maintains that plaintiff's claim for defamation fails to state a claim because it does not assert a constitutional claim. "[D]amage to one's reputation alone, apart from some more tangible interest such as employment, does not implicate any "property" or "liberty" interest sufficient to invoke the due process clause. More must be involved than defamation to establish a § 1983 claim under the fourteenth amendment."[24] Officer Spillers maintains that defamation alone is not actionable; recovery may be allowed in some instances for injury to reputation stemming from a violation of other constitutional rights.

As noted by Officer Spillers, plaintiff has not alleged that any of the statements made by Officer Spillers were false, and plaintiff has not alleged the loss of any protected liberty interest as a result of a false statement. The court agrees and will dismiss plaintiff's claims for defamation and injury to reputation because they fail to state a claim for relief.

*42 U.S.C. § 1985 claim*

In his amended complaint, plaintiff asserts that his rights were deprived pursuant to "42 U.S.C. § 1983 and 42 U.S.C. § 1985."[25] Plaintiff does not identify in his complaint which provision of § 1985 plaintiff is referring; Officer Spillers assumes that plaintiff is referring to § 1985(3) which

---

[24] Thomas v. Kippermann, 846 F.2d 1009, 1010 (5th Cir. 1988); see also Davis v. James, 2012 WL 6814114 (W.D. La. nov. 6, 2012) report and recommendation adopted, (W.D. La. Jan. 8, 2013).

[25] R. #69, p.2.

governs deprivation of rights or privileges by conspiracy. "To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy, (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States."[26] "Additionally, the conspiracy must also have a racially based animus."[27] The court finds that plaintiff's claim under 42 U.S.C. § 1985 is without merit and will be dismissed because they do not allege a conspiracy or any racially based animus.

*Qualified immunity*

>   The standard governing a motion to dismiss based on qualified immunity is as follows:
>
>   In deciding whether a defendant is entitled to qualified immunity, we apply a two step analysis in which we consider: (1) "whether a constitutional right would have been violated on the facts alleged," and, if a violation is established, (2) "whether the right was clearly established" at the time of violation. The plaintiff bears the burden "to prove that a government official is not entitled to qualified immunity.
>
>   Because Defendants sought qualified immunity in a motion to dismiss under Rule 12(b)(6), we accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." Accordingly, before permitting discovery, a court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome" a qualified immunity defense.[28]

Once qualified immunity is raised as a defense, plaintiff bears the burden of rebutting the

---

[26] Chaney v. Races & Aces, 2014 WL 5578461 at *2 (5 th Cir. Nov. 4, 2014)(per curiam)(citing Hillard v. Ferguson, 30 F.3d 649, 652-53 (5 th Cir. 1994).

[27] Id. at 653.

[28] Perez v. Texas A & M Univ. at Corpus Christi, 2014 WL 5510955, at *2-3 (5th Cir. Nov. 3, 2014)(citations omitted).

defense by establishing that the official's alleged wrongful conduct violated clearly established law.[29] Officer Spillers asserts the qualified immunity defense. Officer Spillers remarks that because the allegations made in plaintiff's amended complaint are so brief, it is difficult to engage in any qualified immunity analysis. Plaintiff alleges that on January 27, 2013, he was pulled over by Officer Spillers for driving 'suspicious.'[30] Because plaintiff was not the owner of the vehicle he was driving, after being informed that plaintiff's "significant other" owned the car, Officer Spillers contacted her by phone and verified that the car was hers and plaintiff was authorized to drive it, after which plaintiff was released.

Under Fifth Circuit precedent, "a traffic detention may last as long as is reasonably necessary to effectuate the purpose of the stop, including the resolution of reasonable suspicion, supported by articulable facts within the officer's professional judgment, that emerges during the stop."[31]

What is fatally absent from the complaint are any allegations that Officer Spillers did not have reasonable suspicion during the course of the traffic stop that caused him to investigate further. Taking the allegations in the complaint as true, the court finds that plaintiff's bare-bones allegations do not assert any constitutional violation committed by Officer Spillers. Thus, as to the allegations in the amended complaint, plaintiff has failed to state a claim for relief and the amended complaint will be dismissed. The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

---

[29] Pierce v. Smith, 117 f.3d 866, 871-72 (5th Cir. 1997) (internal quotations and citation omitted).

[30] R. # 69, ¶ 2.

[31] United States v. Brigham, 382 F.3d 500, 512 (5th Cir. 2004).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2nd day of February, 2015.

                                                                                                                    _____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE