RECEIVED
MAR -3 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| JEROME WALKER | : | DOCKET NO. 3:12-02978 |
| VS. | : | JUDGE TRIMBLE |
| GARY NUNN, ASSISTANT DISTRICT ATTORNEY | : | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #73) filed by defendant, Gary Nunn, Assistant District Attorney in Jackson Parish wherein the mover seeks to have the claims asserted against him in this lawsuit dismissed with prejudice pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the motion will be granted in part and denied in part, dismissing with prejudice all of plaintiff's claims against this defendant.

### FACTUAL STATEMENT

From January 1, 1991 until his retirement on December 9, 2011, defendant Gary D. Nunn was an assistant district attorney in Jackson Parish, Louisiana.[1] After being cited for speeding on April 15, 2009, plaintiff, Jerome Walker, directed his attorney to contact Mr. Nunn to determine if the ticket could be reduced to a seat belt offense. Because of Mr. Walker's speed, the ticket could not be reduced.[2]

At his arraignment on March 15, 2009, Mr. Nunn plead not guilty. The matter was set for trial

---

[1] Nunn exhibit 2. Gary Nunn Affidavit.

[2] Id.

on September 9, 2009;[3] neither Nunn nor his attorney appeared at the trial of the matter.[4] Consequently, a bench warrant was requested and issued for Mr. Walker's arrest. In addition, in accordance with the standard practice of the District Attorney's office, an affidavit was issued requesting that Mr. Walker's drivers' license privileges be suspended.[5]

Thereafter, on or about October 19, 2009, Mr. Walker visited Mr. Nunn's office to inquire about his driving suspension. Upon proof that Mr. Walker paid the speeding ticket, Mr. Nunn directed an employee of the district attorney's office in charge of misdemeanors to write a letter to the Office of Motor Vehicles and advise them that the ticket had been paid and requested that Mr. Walker's driving privileges be reinstated.[6]

Driving privileges are granted or suspended by the Louisiana Office of Motor Vehicles. Neither Mr. Nunn, nor the Office of the District Attorney of Jackson Parish have authority to suspend or recall a suspension of a driver's license or driving privileges.[7]

When Mr. Walker visited Mr. Nunn about having paid the speeding ticket, he did not inform Mr. Nunn that he ( Mr. Walker) had missed a trial date, nor did he ask Mr. Nunn to have the bench warrant recalled.[8] Thus, Mr. Nunn was not aware that a bench warrant had been issued for failure to appear.

---

[3] In his opposition, Mr. Walker submits that the notice of trial was sent to the wrong address.

[4] Id.

[5] Id.

[6] Nunn exhibit 3, depo. of Jerome Walker, p. 27.

[7] Nunn exhibit 2, Nunn affidavit p. 2.

[8] Id.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[9] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[10] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[11] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[12] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[13] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[14] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[15] If the evidence is merely

---

[9] Fed. R.Civ. P. 56(c).

[10] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[11] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[12] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[13] Anderson, 477 U.S. at 249.

[14] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[15] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

colorable, or is not significantly probative, summary judgment may be granted."[16]

## LAW AND ANALYSIS

*42 U.S.C. § 1983*

Pursuant to 42 U.S.C. § 1983, plaintiff must establish the following:

1. the action of the defendant occurred "under color of law;" and

2. the action is a deprivation of a constitutional right or a federal statutory right.[17]

Mr. Nunn was not aware that a bench warrant had been issued for Mr. Walker because he failed to appear at his trial; thus, he did not request that the bench warrant be recalled. Mr. Nunn's actions were not a deprivation of a constitutional right or a federal statutory right. Thus, any claims asserted against this defendant pursuant to 42 U.S.C. § 1983 must be dismissed.

*42 U.S.C. § 1985*

42 U.S.C. § 1985 is a conspiracy statute when a complainant alleges that two or more persons conspired to violate one's civil rights. Plaintiff's complaint, as amended, fails to allege any facts that would establish a conspiracy. Accordingly, any claims pursuant to 42 U.S.C. § 1985 will be dismissed.

*Absolute Immunity*

In our Memorandum Ruling dated July 19, 2013, we determined pursuant to a Rule 12(b)(6) motion that Mr. Nunn was not entitled to absolute immunity because Mr. Nunn's actions were not a part of the prosecutorial function.[18] Thus, Mr. Nunn is not entitled to absolute immunity because he

---

[16] Anderson, 477 U.S. at 249-50.

[17] Parratt v. Taylor, 451 U.S. 527, 535 (1981).

[18] Citing Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S.Ct. 2606 (1993)("A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings," are not

was not acting in his prosecutorial capacity when he failed to recall the bench warrant that he did not know existed. We find no basis in law or fact to reverse that ruling.

*Libel and slander*

Mr. Nunn seeks to have any claims for libel and slander dismissed because the complaint alleges no facts to establish such claims against him. Having reviewed the complaint, as amended, the court agrees and will dismiss any claims of libel and slander against Mr. Nunn.

## CONCLUSION

For the reasons above, the motion for summary judgment will be granted in part and denied in part. Even though the court has determined that absolute immunity is not applicable to the facts asserted against Mr. Nunn, we find that all claims against him must be dismissed with prejudice. Plaintiff has failed to created a genuine issue of fact for trial as to his claims made pursuant to 42 U.S.C. § 1983, 42 U.S. C. § 1985 and the defamation claims of libel and slander. Accordingly, the court will dismiss all claims made against defendant Gary Nunn at plaintiff's costs.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of March, 2015.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

entitled to absolute immunity). See also *Yarris v. County of Delaware*, 465 F.3d 129 (3d Cir. 2006)(Absolute immunity does not attach where a prosecutor's role as advocate has not yet begun, or where it has concluded.)

5