RECEIVED

MAR - 3 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| JEROME WALKER | : | DOCKET NO. 3:12-02978 |
| VS. | : | JUDGE TRIMBLE |
| JACKSON PARISH DISTRICT ATTORNEY'S OFFICE, ET AL | : | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment by Officer Colby Spillers" (R. #79) wherein the mover seeks summary judgment in his favor pursuant to Federal Rule of Civil Procedure 56; defendant Spillers maintains that there is no genuine issue of material fact for trial and he is entitled to qualified immunity as to all claims. The court notes that plaintiff has filed no opposition to this motion, nor sought an extension of time to file his opposition; the time for doing so has now lapsed.

### STATEMENT OF MATERIAL FACTS

On November 22, 2011, plaintiff, Jerome Walker's driver's license was suspended by the Louisiana Office of Motor Vehicles. Also, on that day, there was an outstanding bench warrant for Mr. Walker which had previously been issued by the Second Judicial District Court, Parish of Jackson. Around 10:30 p.m., on the evening of November 22, 2011, Mr. Walker went to Tractor Supply and removed some piping from its rear dumpster. Officer Colby Spillers observed Mr. Walker's vehicle exit the Sears Hometown Store parking lot, next to Tractor Supply; both stores were closed for business.

1

Officers Spillers became suspicious of Mr. Walker's activity. Officer Spillers followed Mr. Walker's vehicle and observed that the vehicle's license plate light was inoperable and the license plate itself was not clearly legible from a distance of 50 feet in violation of Louisiana Revised Statutes 32:304(C) and 32:311(B).

Officer Spillers activated his patrol lights and initiated a traffic stop of Mr. Walker's vehicle. After running the vehicle's license plate on his patrol-unit computer, Officer Spillers was able to determine that the vehicle was owned by Mr. Walker and that his license had been suspended. Officer Spillers confirmed that the driver of the vehicle was in fact Mr. Walker. Officer Spillers requested that Mr. Walker provide a copy of his driver's license, registration and proof of insurance. Mr. Walker could not produce a driver's license.

Officer Spillers concluded that Mr. Walker was in violation of Louisiana Revised Statute 32:415 for operating a motor vehicle with a suspended license. Due to his suspicions that Mr. Walker may have been involved in criminal activity (Mr. Walker admitted that he removed pipe from the Tractor Supply dumpster), Officer Spillers elected to investigate further. In doing so, Officer Spillers placed Mr. Walker in the rear of a back-up patrol unit that had arrived during the stop.

Upon further investigation, Officer Spillers learned that Mr. Walker had an outstanding warrant issued in Jackson Parish. Officer Spillers informed Mr. Walker that he was being detained based on the outstanding warrant; he then transported Mr. Walker to the West Monroe Correctional Center where he was booked on charges of "No License Plate Light"[1] and "Driving under Suspension".[2]

---

[1] La. R. S. 32:311(B).

[2] La. R. S. 32:415.

2

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[4]   A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[5] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[6] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[7] The burden requires more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[8]  There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[9]

---

[3]  Fed. R.Civ. P. 56(c).

[4]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[5] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[6]  Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[7] Anderson, 477 U.S.  at 249.

[8]  Celotex Corp. v.  Catrett, 477 U.S. 317, 324 (1986).

[9]  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[10]

## LAW AND ANALYSIS

Mr. Walker has filed the instant suit for damages pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights.

Title 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or caused to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress.

The first inquiry in any §1983 suit is to isolate the precise constitutional violation in which the defendant is charged.[11]   The validity of the claim is then judged by reference to the specific constitutional standard which governs that right.[12]   Mr. Walker alleges that defendant, Officer Spillers, violated his constitutional rights by detaining him for a traffic stop which resulted in Mr. Walker being taken into custody.

Qualified immunity is an "entitlement not to stand trial or face the other burdens of litigation."[13] The two step analysis of qualified immunity requires us to determine whether plaintiff

---

[10]   Anderson, 477 U.S. at 249-50.

[11]   Baker v. McCollan, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692 (1979).

[12]   Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865 (1989).

[13]   Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985).

has alleged the violation of a constitutional right and whether such right was clearly established.[14] The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.[15]

Although "the *Saucier* rule prescribes the sequence in which the issues must be discussed by a court in its opinion, the rule does not-and obviously cannot-specify the sequence in which judges reach their conclusion in their own internal thought processes."[16] Therefore, a court can decide that there was no violation of a clearly established law before deciding whether the relevant facts make out a constitutional question.[17] Accordingly, the Court may exercise its sound discretion in deciding which of the two prongs in *Saucier* should be addressed first in light of the circumstances in the particular case at hand.[18]

"[W]hen a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense."[19]

As noted by defendant, Mr. Walker has not challenged the validity of the traffic stop. A decision to stop an automobile is reasonable when the officer has probable cause or reasonable suspicion to believe that a traffic violation has occurred.[20] Nevertheless, considering the undisputed

---

[14] *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151 (2001).

[15] *Id.* citing *Wilson v. Layne*, 526 U.S. 603, 615, 119 S.Ct. 1692 (1999).

[16] *Pearson v. Callahan*, – U.S. – ,129 S.Ct. 808, 820 (2009).

[17] *Id.*

[18] *Id.*

[19] *Coleman v. E. Baton Rouge Parish Sheriff's Office*, 2014 WL 5465816, at *5 (M.D. La. Oct. 28, 2014) (quoting *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)).

[20] *Whren v. United States*, 517 U.S.806, 810, 116 S.Ct. 1769 (1996).

facts cited herein[21] that led to the traffic stop, we find that Officer Spillers had probable cause and/or a reasonable suspicion to believe that a traffic violation has occurred. Thus, there was no violation of a constitutional right with respect to the traffic stop.

Mr. Walker does not dispute that his driver's license was suspended by the Louisiana Office of Motor Vehicles on November 22, 2011. Furthermore, there is no dispute that Officer Spillers had no involvement, personal or otherwise in the suspension of the license. Mr. Walker complains that Officer Spillers chose the "harshest" of options in choosing to arrest him.[22] Qualified immunity protects this type of discretionary decision-making.[23]

Mr. Walker further complains about Officer Spillers removing from Mr. Walker's vehicle the pipe that he took out of the dumpster. Mr. Walker did not report this alleged theft, nor did he seek the return of the pipe. Neither negligent nor intentional deprivations of property by state officials rise to the level of due process violations if state law provides adequate post-deprivation remedies. [24] The burden is on the plaintiff to show that the remedy is not adequate.[25] Louisiana law

---

[21]  A non-functioning license plate light and the license plate not being clearly legible from a distance of fifty feet– in violation of La.R.S. 32:304(C) and 32:311(B).

[22]  R. #52.

[23]  See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982)("We therefore hold that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").

[24]  Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984).

[25]  Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984).

provides an adequate remedy for both intentional and negligent deprivations of property.[26] "[T]he Fifth Circuit has ruled that plaintiffs seeking to redress intentional deprivations of property by state actors must assert such claims as state law tort claims."[27]

## CONCLUSION

Mr. Walker has failed to create a genuine issue of fact for trial as to whether Officer Spillers had probable cause to arrest him.[28]  We find that Officer Spillers did not violate Mr. Walker's Fourth Amendment rights by arresting him or by removing the pipe from his vehicle; therefore, Mr. Walker has failed to establish a violation of a Constitutional right. Consequently, Mr. Walker's claims against Officer Spillers must be dismissed with prejudice at plaintiff's costs.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this _3rd_ day of March, 2015.


_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[26] Hutchinson v. Prudhomme, 79 Fed. App'x 54, 55 (5th Cir. 2003); Copsey v. Swearingen, 36 F.3d 1336, 1342-43 (5th Cir. 1994).

[27] Robertson v. Town of Farmerville, 830 F.Supp. 2d 183, 192 (W.D. La. 2011).

[28] "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." Lockett v. New Orleans City, 607 F.3d 992, 998 (5th Cir. 2010)(quoting Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121 S.Ct, 1536 (2001).